IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, INC., ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 05-00344-BH-B |
| JEREMIAH HARRIS d/b/a ANADORA, ) | |
| ) | |
|     Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ELLSWORTH CORPORATION, et al., ) | |
| ) | |
|     Third-Party Defendants. ) | |

**ORDER**

    This action is now before the Court on a motion (Doc. 64) filed by Jeremiah J. Harris, the defendant herein, to modify the Court's dismissal order dated March 20, 2006, in such a manner as to "leave pending only Harris' third party complaint against Mike Turley, individually and d/b/a Mobile Tech." Upon review of the record, however, the Court finds that, prior to the settlement of this action which resulted in the order now at issue, Harris' motion (Doc. 48) for leave to file a third party complaint against Mike Turley had not been granted by the Court and Harris' attempts (Docs. 53, 60 and 61) to nonetheless perfect service on Mike Turley were unsuccessful.

    Although the Court's failure to address Harris' motion for leave to file a third-party complaint was inadvertent, a present review of the claims sought to be asserted by Harris against Mike Turley, namely fraud, money had and received, conversion, and conspiracy, leads to the unescapable conclusion that they do not constitute appropriate

third party claims relative to the insurance coverage questions which were at issue in this action.[1] Consequently, it would not have been and is not now appropriate to permit the filing of Harris' third-party complaint.

The Court therefore concludes and it is thus **ORDERED** that Harris' motion (Doc. 48) for leave to file a third party complaint against Mike Turley is due to be and is hereby **DENIED** and Harris' motion (Doc. 64) to modify the dismissal order of March 20, 2006, is due to be and is also hereby **DENIED**.

**DONE** this 24th day of April, 2006.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE

---

[1] As stated in Fed.R.Civ.P. 14(a), a proper third-party claim is one asserted against "a person not a party to the action who is or may be liable to the third-party plaintiff **for all or part of the plaintiff's claim against the third-party plaintiff**." As applied to this action, Harris has failed to demonstrate in his proposed complaint how Mike Turley d/b/a Mobile Tech could be liable to Harris for any part of the insurance coverage at issue in this declaratory judgment action. Whatever liability Turley may have to Harris, it does not relate to the insurance at issue in this litigation.